SCHEER *v.* DETROIT UNITED RAILWAY.

1. STREET RAILWAYS—PERSONAL INJURIES—WRONGFUL EJECTION FROM CAR—EVIDENCE—QUESTION FOR JURY.

In an action for personal injuries occasioned by being ejected from defendant's car, it appeared that plaintiff tendered a ticket to the conductor for his transportation, which was refused on the ground that it was past the time of day when such tickets could be used. *Held,* there being a conflict of testimony as to the time of such tender, the question was for the jury.

2. TRIAL—NEW TRIAL—ARGUMENT OF COUNSEL.

On the argument to the jury, counsel has a right to urge his view of the case based upon that part of the testimony favorable to his client; and where mention is made of testimony which had been stricken out, and the court so informed counsel and he made no further reference to it, a motion for a new trial was properly denied.

Error to Wayne; Brooke, J. Submitted January 7, 1909. (Docket No. 14.) Decided March 3, 1909.

Case by Marcus Scheer against the Detroit United

Railway for personal injuries.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Brennan, Donnelly & Van De Mark,* for appellant.

*Richard I. Lawson,* for appellee.

Moore, J.   The plaintiff recovered a judgment against the defendant for injuries he received when forcibly ejected by the conductor from one of the cars of defendant. The case is brought here by writ of error.

It is the claim of plaintiff that he and his wife boarded the car prior to 15 minutes past 6 o'clock in the evening; that he tendered the conductor two workingmen's tickets in payment of the fares; that the conductor refused to receive them; that he was forcibly thrown from the car upon a stone pavement, and received injuries which confined him in bed several days, and from which he had not fully recovered at the time of the trial, three years thereafter.   It was the claim of defendant that plaintiff and his wife did not get upon the car until later than 15 minutes past 6 o'clock, and that its conductor had a right to eject the defendant from the car.   There was testimony tending to establish each of these claims.

The attorney for the plaintiff in his argument to the jury used the following language, to which exceptions were taken by the defendant:

" Now we have those three.   Nadeau has no interest in this case, and he said he tendered a ticket to the conductor after all this trouble, and it was received in payment of his fare.

"*Mr. Brennan:* That testimony was stricken out.

"*The Court:* That is true, Mr. Lawson.

"*Mr. Brennan:* I take an exception to the remark of counsel based upon it.

"*Mr. Lawson:* Now, we have Architect Smith, the architect of the D. U. R.

"*Mr. Brennan:* I take an exception to that statement as not based upon the testimony, and it is not true.

"*Mr. Lawson:* It is based upon the testimony.   He

went upon the stand there and told you that he was the architect.

"*Mr. Brennan:* Mr. Lawson knows it is not true.

"*Mr. Lawson:* And he knows it was 6:15 when he got on that car that night in front of the city hall.   Kopple did not look at his watch, and the only way he fixed the time as being after 6:15 is by being refused a transfer from Woodward avenue to Brush.

"*Mr. Brennan:* I take an exception to that.

"*Mr. Lawson:* He said it was then about 6:16.

"*Mr. Brennan:* I take an exception to that remark. The testimony is that Mr. Kopple had his watch out after the conductor refused his fare, and he said he was a minute late.   I will refer to the record.

"*Mr. Lawson:* If he looked at his watch and it was 6:16, and he was then on a Woodward avenue car, * * * Smith took his car at 6:16.   * * *   It couldn't have been the car.   Now, I say to you that I want you to believe the testimony of this engineer because that man came here and told the truth.   He gave you the circumstances under which he got upon that car.   He gave you the circumstances under which he had gotten upon that car before.   He knew the time that he quit his work.   He was as regular as the clock, and they haven't got a witness that is as regular as a clock.   He always took that car."

The case was clearly submitted to the jury.   It returned a verdict in favor of plaintiff.   A motion was made for a new trial based upon the claim (1) that the verdict was against the weight of the evidence; and (2) that the argument of counsel was improper and prejudicial.   This motion was overruled.   This is said to be error.

1. Was the verdict against the weight of the evidence? The testimony was in sharp conflict.   If the testimony offered on the part of the plaintiff was true, it established that he and his wife got upon the car earlier than 6:15 p. m.   This raised a question of fact which was properly submitted.

2. Should a new trial have been granted because of the argument of counsel?   As before stated, the testimony was very conflicting.   Counsel in the argument had a right to urge upon the jury his view of the case based

upon that part of the testimony favorable to his client. His argument was justified by the testimony, except that part of it based upon testimony which had been stricken out. When attention was called to that fact, the judge at once informed counsel it was stricken out, and he made no further allusion to it.

Judgment is affirmed.

BLAIR, C. J., and GRANT, HOOKER, and McALVAY, JJ., concurred.